H. Dickson Burton (A4004)
Krista Weber Powell (A8019)
TRASKBRITT, P.C.
230 South 500 East, Suite 300
P.O. Box 2550
Salt Lake City, Utah 84110-2550
Attorneys for Defendant, Flexible Innovations, Ltd.

FILED
U.S. DISTRICT COURT

2005 NOV 18  P 4: 59

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMERICAN COVERS, INC., a Utah Corporation, | I |
| Plaintiff, | I   Judge Dale A. Kimball |
| | I   DECK TYPE: Civil |
| v. | I   DATE STAMP: _____ |
| | I   CASE NUMBER: 2:05CV00083 DAK |
| FLEXIBLE INNOVATIONS, LTD. a Texas Limited Partnership, | I |
| Defendant. | I   WITH JURY DEMAND |

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

COMES NOW Defendant, FLEXIBLE INNOVATIONS, LTD. ("Flexible" or "Defendant"), and answers the Plaintiff's Complaint, as follows:

## RESPONSES TO
## PLAINTIFF'S COMPLAINT'S ALLEGATIONS BY PARAGRAPHS

1.      Admitted.

2.      Admitted.

3.      Admitted.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS          Page 1
N:\3237\001\PLEADINGS - DRAFT\ANSWER AND COUNTERCLAIM.DOC

4.      Flexible admits that there is diversity as between Flexible and ACI; as to the remaining averments, denied.

5.      Admitted.

6.      Admitted in part and denied in part.  Venue does lie in this Court, but prior venue in the Northern District of Texas should control under the first-filed rule.

7.      Admitted in part and denied in part.  Flexible admits the Court does have jurisdiction over Flexible in this action.  However, Flexible denies that any "acts giving rise to this lawsuit occurred in the State of Utah."

8.      Flexible is without knowledge or information sufficient to form a belief as to the truth of the averment, and therefor denies same.

9.      Admitted in part and denied in part.  Flexible admits that a copy of the '409 Patent was attached to the Complaint; as to the remaining averments, denied.

10.     Flexible is without knowledge or information sufficient to form a belief as to the truth of the averment, and therefor denies same.

11.     Flexible admits that it does market and sell a holding pad product under the brand name "**EGRIPS**;" as to the remaining averments, denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Flexible incorporates its responses hereinabove in response to this claim.

17.     Denied.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS                    **Page 2**
N:\3237\001\PLEADINGS - DRAFT\ANSWER AND COUNTERCLAIM.DOC

18.     Flexible is without knowledge or information sufficient to form a belief as to the truth of the averment, and therefor denies same.

19.     Denied.

20.     Denied.

21.     Flexible incorporates its responses hereinabove in response to this claim.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Flexible denies that ACI is entitled to any relief of any kind against Flexible.

## AFFIRMATIVE DEFENSES

26.     Flexible has not infringed, actively induced infringement, or contributorily infringed, and does not infringe, any valid and enforceable claim of U.S. Patent 65,673,409 B1 ("'409 Patent").

27.     The '409 Patent and all asserted claims thereof are invalid for failure to meet the conditions of patentability specified by 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNTERCLAIMS

**COMES NOW** FLEXIBLE INNOVATIONS, LTD., Defendant/Counterclaimant ("Flexible" or "Counterclaimant"), complaining of AMERICAN COVERS, INC., Plaintiff/ Counter-Defendant ("ACI" or "Counter-Defendant"), showing:

## THE PARTIES AND JURISDICTION

1.      Flexible is a Texas limited partnership with a principal place of business at 1120 South Freeway, Suite 204, Fort Worth, Texas 76104.

2.      Counter-Defendant ACI is a Utah corporation with a principal place of business at 102 West 12200 South Draper, Utah 84020.

3.      This is an action arising under the Declaratory Judgment Act, specifically, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338.

4.      This Court has venue; however, the proper venue for the case is in the Northern District of Texas, Fort Worth Division, the Honorable John McBryde presiding, Civil Action No. 4-05-CV-021-A (the "Texas case"), where a prior case was filed seeking a declaration of invalidity and noninfringement of the '409 Patent. At this time, the Texas case in on appeal to the Court of Appeals for the Federal Circuit to determine the venue issue.

5.      A justiciable controversy exists between Flexible and ACI with respect to the validity, scope, and infringement of the '409 Patent. Flexible seeks a declaration by this Court that the '409 Patent is not infringed and/or is invalid.

### First Claim for Relief
### (Declaration of Non-Infringement)

6.      Flexible incorporates herein by this reference all prior paragraphs herein.

7.    Upon information and belief, Flexible has not infringed, induced infringement of, or contributed to the infringement of the '409 patent under 35 U.S.C. § 271 or any sub-part thereof.

### Second Claim for Relief
### (Declaration of Invalidity)

8.    Flexible incorporates herein by this reference all prior paragraphs herein.

9.    Upon information and belief, the '409 Patent is invalid for failure to satisfy the provisions of one or more sections of the conditions of patentability specified by 35 U.S.C. §§ 101, 102, 103, and 112.

### PRAYER

**WHEREFORE**, Defendant/Counterclaimant, Flexible Innovations, Ltd., prays that Plaintiff/Counter-Defendant American Covers, Inc., take nothing by its claims against Flexible, and that instead judgment be entered in favor of Flexible and against ACI, to wit:

A.    Dismissing ACI's Complaint;

B.    A declaration that the '409 Patent is invalid;

C.    A declaration that Flexible has not infringed any claim of the '409 Patent;

D.    An award to Flexible of all compensatory, punitive, and exemplary damages;

E.    A declaration that this is an exceptional case under 35 U.S.C. § 285;

F.    An award to Flexible of its reasonable and necessary attorneys' fees, costs, and expenses in this action, under 35 U.S.C. § 285, 28 U.S.C. § 1927, and other applicable statutes;

G.      An award of all other or further relief to which Flexible is entitled.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b), FRCP, Flexible respectfully requests a jury trial on all issues so triable.


Respectfully submitted,


_____
H. Dickson Burton (A4004)
Krista Weber Powell (A87019)
**Traskbritt, P.C.**
230 South 500 East
Suite 300
P.O. Box 2550
Salt Lake City, Utah 84110-2550
**Attorneys for Defendant, Flexible Innovations, Ltd.**

Of Counsel:

Richard L. Schwartz
TBA # 17869500
Thomas F. Harkins, Jr.
TBA # 09000990
**WHITAKER, CHALK, SWINDLE & SAWYER, L.L.P.**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76133-4168
Phone: (817) 878-0500
Fax: (817) 878-0501

## CERTIFICATE OF SERVICE

I hereby certify that on this the $\underline{18}$ day of November, 2005, I served a copy of this instrument by First Class United States Mail, postage prepaid, on Counsel for Plaintiff, Peter M. de Jonge and Gordon K. Hill, **THORPE NORTH & WESTERN LLP**, P.O. Box 1219, Sandy, Utah 84091-1219.

*Lori Emerson*